**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO Western Division**

SCOTT CROSS,

Plaintiff,

v.

Case No. _____________

RENZENBERGER, INC. d/b/a "Hallcon",

and

ELTON SCHUSTER, JR.,

and

CSX TRANSPORTATION, INC.,

Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Scott Cross, by and through undersigned counsel, and moves this Court for entry of judgment against Defendants Renzenberger, Inc. d/b/a "Hallcon," Elton Schuster, Jr., and CSX Transportation, Inc., jointly and severally, for personal injuries and damages suffered by the Plaintiff as a causal result of the negligence of the Defendants. In support thereof, Plaintiff respectfully represents the following:

**JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff pursuant to 45 U.S.C.A. § 51 *et. seq.*, commonly referred to as the Federal Employers' Liability Act ("FELA") and common law for the State of Ohio.

2. Jurisdiction of this Honorable Court is vested herein by virtue of the FELA. This

Court has original jurisdiction pursuant to the FELA and supplemental jurisdiction over all state court claims plead herein, as all claims arise from the same occurrence. Plaintiff avails himself of the rights, benefits, and immunities afforded him under the FELA, including the right to maintain this action in this Honorable Court.

3. This Court has personal jurisdiction over Defendants because Defendant Schuster resides in Ohio, and Defendants Renzenberger, Inc. and CSX Transportation, Inc. conducted business within this District, and the events giving rise to this action occurred in Waldo Township, Marion County, Ohio.

4. Venue is proper in the Northern District of Ohio, Western Division, as the subject negligence and causally related damages occurred in Waldo Township, Marion County, Ohio.

**PARTIES**

5. Plaintiff is an adult resident of Delaware, Ohio.

6. At all relevant times, Plaintiff was an employee of Defendant CSX Transportation, Inc. acting in the course and scope of his employment for Defendant CSX Transportation, Inc.

7. Defendant Renzenberger, Inc., doing business as "Hallcon," is a corporation formed under the laws of the State of Kansas with a principal place of business located in Lenexa, Kansas.

8. At all times relevant hereto Defendant Renzenberger, Inc. (Renzenberger) was regularly and routinely performing substantial business within the jurisdiction of this Court as a common carrier engaged in the business of transporting passengers over Ohio highways for compensation.

9. At all times relevant hereto, Defendant Elton Schuster, Jr. was an adult resident of Marion, Ohio.

10. At all times relevant hereto, Defendant Elton Schuster, Jr. was employed by Defendant Renzenberger and was acting in the course and scope of his employment for Defendant Renzenberger.

11. At all times relevant hereto, Defendant Renzenberger provided transportation services for Defendant CSX Transportation, Inc. and its employees, including the Plaintiff, and acted as an agent for Defendant CSX Transportation, Inc.

12. At all times relevant hereto, Defendant CSX Transportation, Inc. (CSXT) was a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business located in Jacksonville, Florida.

13. At all times relevant hereto Defendant CSXT was doing substantial business within the jurisdiction of this Court as a common carrier in interstate and intrastate commerce.

## FACTS

14. At all times relevant hereto Defendant CSXT had an agreement with Defendant Renzenberger to provide transportation services for Defendant CSXT employees, including Plaintiff.

15. On January 3, 2025 Plaintiff was a passenger in a van owned by Defendant Renzenberger and operated by its agent Defendant Elton Schuster, Jr.

16. While a passenger in the Renzenberger van, Plaintiff was working for Defendant CSXT and was acting in the course and scope of his employment for Defendant CSXT as a locomotive engineer.

17. On January 3, 2025 Defendant Schuster, while acting in the course and scope of his employment and as an agent for Defendants Renzenberger and CSXT, was transporting Plaintiff and other passengers southbound on U.S. Route 23 in Waldo Township, Marion, Ohio.

18. At that time and place, the road conditions were treacherous due to inclement winter weather including rain, ice, and slush.

19. At that time and place, Defendant Schuster negligently followed traffic directly ahead of him too closely, negligently drove his passenger van at an excessive and unsafe speed for the circumstances, including the road conditions, local weather, and traffic, negligently lost control of the passenger van he was driving, and negligently caused the van to collide violently with tremendous force into the rear of tractor trailer which was also traveling southbound on U.S. Route 23.

20. As a direct and proximate result of the van colliding with tremendous force into the rear of the tractor trailer, Plaintiff suffered serious and permanent physical injuries.

21. At all times relevant hereto Defendant Schuster was employed by Defendant Renzenberger and was acting within the course and scope of his employment for Defendant Renzenberger.

**Count I – Negligence**
**(*Defendant Schuster)***

22. Plaintiff repeats and realleges, and incorporates by reference, the facts and allegations set forth in paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. At all times relevant hereto Defendant Schuster owed a duty of reasonable care to Plaintiff and other motorists on the roadway.

24. Defendant Schuster's duty of care to the Plaintiff included maintaining a safe speed for the circumstances, including the weather, road conditions, and traffic, not following other traffic too closely, maintaining control of his vehicle, keeping a proper lookout for other traffic and hazards, failing to keep his van under control, and failing to keep his van from colliding into other vehicles on the roadway.

25. Defendant Schuster breached his duty of care to the Plaintiff and was otherwise negligent in that Defendant Schuster negligently failed to drive his van at a safe speed for the circumstances, including the weather, road conditions, and traffic, negligently followed other traffic too closely, negligently failed to maintain control of his vehicle, negligently failed to keep a proper lookout for other traffic and hazards, negligently failed to keep his van under control, and negligently failed to keep his van from colliding into other vehicles on the roadway.

26. Defendant Schuster's breaches of his duty of care to Plaintiff and negligence while driving Plaintiff was the direct and proximate cause of the collision of the van driven by Defendant Schuster into the rear of the tractor trailer directly ahead of Defendant Schuster's van.

27. Defendant Schuster's breaches of his duty of care to Plaintiff and negligence while driving Plaintiff was the direct and proximate cause of Plaintiff's injuries.

28. As a direct and proximate result of Defendant Schuster's negligence, Plaintiff suffered serious and permanent causally related physical injuries including, but not limited to, injuries to his shoulder, neck, back, and head, has suffered substantial and enduring pain, discomfort, physical, mental, and emotional harm, anxiety, worry, financial strain, diminished physical function, has required substantial medically necessary and causally related professional medical care and treatment, including multiple surgeries and hospitalizations, has incurred substantial causally related medical bills from causally related professional medical treatment, has lost substantial time and wages from his employment, and will continue to require medically necessary and causally related professional medical care and treatment in the future and will continue to incur substantial causally related medical bills in the future, has suffered, and will continue to suffer, a diminished quality of life.

29. Wherefore, Plaintiff respectfully requests judgment against Defendant Schuster in

an amount in excess of the minimum necessary for jurisdiction in this Court that will fully and fairly compensate him for the injuries and damages described herein, together with post-judgment interest and the costs of this proceeding, as well as such other and further relief that may be appropriate under the circumstances of this case.

**<u>Count II - Negligence *Per Se*</u>**
**(*Defendant Schuster*)**

30. Plaintiff repeats and realleges, and incorporates by reference, the facts and allegations set forth in paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. While operating the commercial transport van as detailed above, Defendant Schuster violated statutes designed to protect the public, including the Plaintiff.

32. Specifically, Defendant Schuster violated Ohio traffic-safety statutes, including but not limited to Ohio Rev. Code § 4511.21(A), by operating the van at a speed greater than was reasonable or proper under the traffic, surface, weather, and roadway conditions and at a speed that did not permit him to stop within the assured clear distance ahead, by following other traffic too closely, driving too fast for weather, road conditions, and traffic, and for failing to maintain control of his transport van.

33. Plaintiff, as a passenger in a vehicle on a public roadway, was within the class of persons that Ohio traffic laws were enacted to protect.

34. As a direct and proximate result of Defendant Schuster's statutory violations, Plaintiff suffered serious and permanent causally related physical injuries including, but not limited to, injuries to his shoulder, neck, back, and head, has suffered substantial and enduring pain, discomfort, physical, mental, and emotional harm, anxiety, worry, financial strain, diminished physical function, has required substantial medically necessary and causally related professional medical care and treatment, including multiple surgeries and hospitalizations, has

incurred substantial causally related medical bills from causally related professional medical treatment, has lost substantial time and wages from his employment, and will continue to require medically necessary and causally related professional medical care and treatment in the future and will continue to incur substantial causally related medical bills in the future, has suffered, and will continue to suffer, a diminished quality of life.

35. Wherefore, Plaintiff respectfully requests judgment against Defendant Schuster in an amount in excess of the minimum necessary for jurisdiction in this Court that will fully and fairly compensate him for the injuries and damages described herein, together with post-judgment interest and the costs of this proceeding, as well as such other and further relief that may be appropriate under the circumstances of this case.

**Count III – Negligence – Vicarious Liability**
***(Defendant Renzenberger, Inc.)***

36. Plaintiff repeats and realleges, and incorporates by reference, the facts and allegations set forth in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. At all times relevant hereto Defendant Schuster was acting in the course and scope of his employment for Defendant Renzenberger.

38. As is detailed above, Defendant Schuster negligently caused injury to the Plaintiff while Defendant Schuster was acting in the course and scope of his employment for Defendant Renzenberger.

39. Accordingly, Defendant Renzenberger. is vicariously liable to the Plaintiff for the negligence and breaches of the duty of care committed by its employee, Defendant Schuster, which directly and proximately resulted in the above detailed injury, harm, and loss to the Plaintiff.

40. As a direct and proximate result of Defendant Schuster's negligence for which Defendant Renzenberger is vicariously liable, Plaintiff suffered serious and permanent causally

related physical injuries including, but not limited to, injuries to his shoulder, neck, back, and head, has suffered substantial and enduring pain, discomfort, physical, mental, and emotional harm, anxiety, worry, financial strain, diminished physical function, has required substantial medically necessary and causally related professional medical care and treatment, including multiple surgeries and hospitalizations, has incurred substantial causally related medical bills from causally related professional medical treatment, has lost substantial time and wages from his employment, and will continue to require medically necessary and causally related professional medical care and treatment in the future and will continue to incur substantial causally related medical bills in the future, has suffered, and will continue to suffer, a diminished quality of life.

41. Wherefore, Plaintiff respectfully requests judgment against Defendant Renzenberger in an amount in excess of the minimum necessary for jurisdiction in this Court that will fully and fairly compensate him for the injuries and damages described herein, together with post-judgment interest and the costs of this proceeding, as well as such other and further relief that may be appropriate under the circumstances of this case.

**Count IV – Negligence – FELA Claims**
**(*Defendant CSXT*)**

42. Plaintiff repeats and realleges, and incorporates by reference, the facts and allegations in Paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43. This cause of action arises under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60, as amended.

44. Jurisdiction of this Court is vested herein by virtue of the FELA at 45 U.S.C. § 56.

45. At all times relevant hereto Defendant CSXT was doing business within the jurisdiction of this Court as a common carrier of interstate and intrastate commerce and was engaged in interstate and intrastate commerce.

46. At all times relevant hereto Defendant CSXT regularly and systematically conducted its business activities and affairs within the State of Ohio and the jurisdiction of this Court.

47. At all times relevant hereto Plaintiff's duties for Defendant CSXT were "in furtherance of interstate commerce," as contemplated by FELA § 51.

48. At all times relevant hereto Plaintiff was employed by, and was working for, Defendant CSXT "in interstate commerce," as contemplated by FELA § 51.

49. At all times relevant hereto, including the date and time of the subject traffic collision detailed above, Plaintiff's work duties with and for Defendant CSXT "directly and substantially affected" interstate commerce, as contemplated by FELA § 51.

50. Plaintiff's work-related traffic crash and Plaintiff's causally related injuries, harm, and loss, as were detailed above, give rise to a cause of action within the subject matter jurisdiction of the FELA.

51. Pursuant to the FELA, Defendant CSXT may not delegate the duty to provide its employees with a reasonably safe work place.

52. The subject traffic collision and related injuries, harm, and loss suffered by the Plaintiff as were detailed above was caused by the negligence and carelessness of Defendant CSXT who, acting through its agents and employees, was negligent and otherwise breached its duty of care to the Plaintiff by:

a. Failing to provide Plaintiff with a reasonably safe place to work;

b. Failing to properly inspect the vehicle in which Plaintiff was to be transported;

c. Failing to provide Plaintiff with safe transportation;

d. Failing to provide Plaintiff with a safe motor vehicle;

e. Failing to train and supervise Defendant Schuster as to the safest practices for driving in general, and for driving in inclement weather, in particular;

f. Failing to warn Plaintiff of known or reasonably foreseeable dangers; and

g. Defendant CSXT was otherwise negligent through the negligent acts and/or omissions of its agents, officers, employees, managers, supervisory personnel and/or others, in ways that will be established through discovery.

53. As a direct and proximate result of Defendant CSXT's negligence, Plaintiff suffered serious and permanent causally related physical injuries including, but not limited to, injuries to his shoulder, neck, back, and head, has suffered substantial and enduring pain, discomfort, physical, mental, and emotional harm, anxiety, worry, financial strain, diminished physical function, has required substantial medically necessary and causally related professional medical care and treatment, including multiple surgeries and hospitalizations, has incurred substantial causally related medical bills from causally related professional medical treatment, has lost substantial time and wages from his employment, and will continue to require medically necessary and causally related professional medical care and treatment in the future and will continue to incur substantial causally related medical bills in the future, has suffered, and will continue to suffer, a diminished quality of life.

54. Wherefore, Plaintiff respectfully requests judgment against Defendant CSXT in an amount in excess of the minimum necessary for jurisdiction in this Court that will fully and fairly compensate him for the injuries and damages described herein, together with post-judgment interest and the costs of this proceeding, as well as such other and further relief that may be appropriate under the circumstances of this case.

WHEREFORE, for the reasons stated above, Plaintiff respectfully requests that this Court enter judgment in his favor and against the Defendants, jointly and severally, in an amount in

excess of the minimum necessary for jurisdiction in this Court that will fully and fairly compensate Plaintiff for the injuries and damages described herein, together with post-judgment interest and the costs of this proceeding, as well as such other relief as this Court deems just and proper.

Respectfully Submitted,

**THE MOODY LAW FIRM, INC.**

By: s/ Claude W. Anderson, Jr.
Claude W. Anderson, Jr. (VA 26387,
Admitted to the Northern District of Ohio)
500 Crawford Street, Suite 300
Portsmouth, Virginia 23704
P. (757) 3934093
F. (757) 397-7257
woody@moodyrrlaw.com

*Counsel for Plaintiff, Scott Cross*

**JURY DEMAND**

Plaintiff respectfully requests a trial by jury as to all issues raised in this case.

s/ Claude W. Anderson, Jr.
Claude W. Anderson, Jr. (VA 26387,
Admitted to the Northern District of Ohio)

*Counsel for Plaintiff, Scott Cross*